UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 19-306 (ADM/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Derwin Idell Moore (1),<br>Kevin Kareem White (2), | |
| Defendants. | |

This action came on for hearing before the Court on February 10, 2020, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101. Defendants presented various pretrial motions. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

**1. Defendant Kevin Kareem White's Motion for Discovery and Inspection.**

Defendant White requests an order requiring the Government to produce or permit various items of discovery, inspection, and copying pursuant to Fed. R. Crim. P. 16. The Government represents that it has made all disclosures required under Rule 16, and that it will continue to supplement its disclosures as additional materials come into its possession. Defendant White's Motion for Discovery and Inspection (Doc. No. 29) is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 12, 16, and 26.2 and is not already moot. The motion is **DENIED** to the extent that the Jencks Act protects disclosure, and identification of witnesses shall be done in accordance with the District

Court's pretrial order on disclosure of witness and exhibit lists. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

2. **Defendant Kevin Kareem White's Motion for Rule 16 Discovery Regarding Forensic Testing and Experts.** Defendant White requests an order directing the Government to provide a written summary of the expert testimony it intends to use at trial pursuant to Rule 16(a)(1)(G), and to permit inspection and copying of the results or reports of any scientific tests within the Government's possession, custody, or control pursuant to Rule 16(a)(1)(F)(i). The Government represents that it is aware of its obligations and intends to fully comply with the requirements of those rules. Defendant White's Motion for Rule 16 Discovery Regarding Forensic Testing and Experts (**Doc. No. 30**) is **GRANTED**. Expert disclosures pursuant to Rule 16(a)(1)(G) shall be made no later than **30 days** before trial.

3. **Defendant Kevin Kareem White's Motion for Disclosure of Early Jencks Act Material.** Defendant White moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500. The Government objects to this motion on the grounds that the Government may not be required to make pretrial disclosure of Jencks material. *United States v. Sturdivant*, 513 F.3d 795, 803 (8th Cir. 2008); *see also United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). Because

the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant White's Motion for Early Disclosure of Jencks Act Material **(Doc. No. 31)** is **DENIED**. Nothing in this Order, however, precludes the Government from voluntarily disclosing Jenks Act material three business days prior to trial as it has represented it would.

4. **Defendant Kevin Kareem White's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant.** Defendant White moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government states that it will comply fully with its obligations under *Brady* and *Giglio*. Defendant White's Motion to Disclose Evidence Favorable to the Defendant **(Doc. No. 32)** is **GRANTED**. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

5. **Defendant Kevin Kareem White's Motion for Disclosure of Rule 404 Evidence.** Defendant White moves for immediate disclosure of any "bad act" or "similar

course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404, and to further direct the Government to identify the witnesses through whom such evidence will be presented at trial. The Government represents that it will comply with Rule 404 and that it is agreeable to disclosure 14 days prior to trial. Defendant White's Motion for Disclosure of 404 Evidence **(Doc. No. 33)** is **GRANTED** to the extent that the Government must disclose Rule 404 evidence no later than **14 days** prior to trial. Identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

6. **Defendant Kevin Kareem White's Motion to Retain Rough Notes.** Defendant White moves for an order requiring law enforcement agents, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation into this case. The Government does not object to the motion insofar as it seeks the retention and preservation of agents' rough notes and represents that it has instructed its agents to do so. The Government does object to disclosure of those notes to the defense. Defendant White's Motion for Government Agents to Retain Rough Notes **(Doc. No. 34)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

7. **Defendant Kevin Kareem White's Motion to Suppress Statements, Admissions, and Answers.** Defendant White moves the Court for an order suppressing statements made by Defendant White on November 7, 2019. Defendant originally moved to suppress statements made on November 6, 2019, as well, but withdrew that request at

4

the February 10, 2020, motions hearing. The Government opposes this motion. The Court requests post-hearing briefing on the issue. Defendant White shall file his post-hearing brief no later than **March 9, 2020**, and the Government shall file its response by **March 23, 2020**. This Court will take Defendant White's Motion to Suppress Statements, Admissions, and Answers **(Doc. No. 35)** under advisement on **March 23, 2020**, and issue a Report and Recommendation to the District Court.

8. **Defendant Derwin Idell Moore's Motion for Discovery of Expert Under Rule 16(a)(1)(G).** Defendant Moore requests an order directing the Government to provide a written summary of the expert testimony it intends to use at trial pursuant to Rule 16(a)(1)(G). The Government represents that it is aware of its obligations and intends to fully comply with the requirements of the Rule. Defendant Moore's Motion for Discovery of Expert Under Rule 16(a)(1)(G) **(Doc. No. 41)** is **GRANTED**. Expert disclosures pursuant to Rule 16(a)(1)(G) shall be made no later than **30 days** before trial.

9. **Defendant Derwin Idell Moore's Motion for Early Disclosure of Jencks Materials.** Defendant Moore moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500. The Government objects to this motion on the grounds that the Government may not be required to make pretrial disclosure of Jencks material. *United States v. Sturdivant*, 513 F.3d 795, 803 (8th Cir. 2008); *see also United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government

witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant Moore's Motion for Early Disclosure of Jencks Act Material **(Doc. No. 42)** is **DENIED**. Nothing in this Order, however, precludes the Government from voluntarily disclosing Jenks Act material three business days prior to trial as it has represented it would.

10. **Defendant Derwin Idell Moore's Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants.** Defendant Moore requests an order compelling the Government to give notice and disclosure of intent to use, refer to, or introduce into evidence at trial the statements or confessions of any co-Defendants. The Government does not oppose Defendant's request for leave to file motions but does oppose early disclosure of its intent to use evidence of statements or confessions of the co-Defendant in this matter. Defendant Moore's Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants **(Doc. No. 43)** is **GRANTED** to the extent such statements are exculpable or must be produced pursuant to *Brady*, *Giglio*, and their progeny; Defendant may also file motions for severance, suppression, and motions in limine based on such disclosure. Defendant's motion is **DENIED**, however, to the extent it seeks early disclosure of the Government's intent to introduce evidence. Nothing in this Order, however, precludes the Government from voluntarily disclosing Jenks Act material three business days prior to trial as it has represented it would.

**11.     Defendant Derwin Idell Moore's Motion to Suppress Statements, Admissions, and Answers.** Defendant Moore requests an order suppressing any of his statements, admissions, or answers as they were obtained in violation of his rights. The Government states that it has no such evidence in its possession, and thus this motion should be denied as moot. If Defendant Moore's intent is to withdraw this motion, he may do so by letter or in his post-hearing brief no later than **March 9, 2020.** If Defendant Moore maintains this motion, the Government shall file its response by **March 23, 2020**. This Court will take Defendant White's Motion to Suppress Statements, Admissions, and Answers **(Doc. No. 44)** under advisement on **March 23, 2020**, and issue a Report and Recommendation to the District Court.

**12.     Defendant Derwin Idell Moore's Motion to Suppress Evidence Obtained as a Result of Search and Seizure.** Defendant Moore moves to suppress evidence obtained as a result of the August 11, 2019 search of his vehicle by the St. Paul Police Department. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant White shall file his post-hearing brief no later than **March 9, 2020**, and the Government shall file its response by **March 23, 2020**. This Court will take Defendant Moore's Motion to Suppress Evidence Obtained as a Result of Search and Seizure **(Doc. No. 45)** under advisement on **March 23, 2020**, and issue a Report and Recommendation to the District Court.

**13.     Defendant Derwin Idell Moore's Motion for Discovery.** Defendant Moore requests an order requiring the Government to produce or permit various items of

discovery, inspection, and copying pursuant to Fed. R. Crim. P. 16. The Government represents that it has made all disclosures required under Rule 16, and that it will continue to supplement its disclosures as additional materials come into its possession. Defendant Moore's Motion for Discovery **(Doc. No. 46)** is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 12, 16, and 26.2 and is not already moot. The motion is **DENIED** to the extent that the Jencks Act protects disclosure, and identification of witnesses shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

**14.    Defendant Derwin Idell Moore's Motion to Produce 404(b) Evidence.**
Defendant Moore moves for immediate disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404, and to further direct the Government to identify the witnesses through whom such evidence will be presented at trial. The Government represents that it will comply with Rule 404 and that it is agreeable to disclosure 14 days prior to trial. Defendant Moore's Motion for Disclosure of 404(b) Evidence **(Doc. No. 47)** is **GRANTED** to the extent that the Government must disclose Rule 404 evidence no later than **14 days** prior to trial. Identification of witnesses shall be done in accordance with the District Court's pretrial

order on disclosure of witness and exhibit lists.

15. **Defendant Derwin Idell Moore's Motion to Preserve Rough Notes.** Defendant Moore moves for an order requiring law enforcement agents, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation into this case. The Government does not object to the motion insofar as it seeks the retention and preservation of agents' rough notes and represents that it has instructed its agents to do so. The Government does object to disclosure of those notes to the defense. Defendant Moore's Motion for Government Agents to Preserve Rough Notes **(Doc. No. 48)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

16. **Defendant Derwin Idell Moore's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant.** Defendant Moore moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government states that it will comply fully with its obligations under *Brady* and *Giglio*. Defendant Moore's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant **(Doc. No. 49)** is **GRANTED**. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

**17. Defendant Derwin Idell Moore's Motion for Attorney-Conducted Voir Dire.** Defendant Moore requests that his counsel be allowed to participate in jury voir dire. Jury voir dire is an aspect of trial procedure and management that is entirely within the discretion of the trial court. Defendant Moore's Motion for Attorney-Conducted Voir Dire **(Doc. No. 50)** is therefore **DENIED WITHOUT PREJUDICE**. Defendant is not hereby precluded from making his motion directly to the trial court.

**18.** The voir dire, jury instructions, and trial-related motions due date, along with the trial date, are to be determined by U.S. District Judge Ann D. Montgomery.

Dated: February 12, 2020

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge