# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

  v.                                     **ORDER**
                                           Criminal No. 19-306 ADM/BRT

Derwin Idell Moore (1), and
Kevin Kareem White (2)

      Defendants.

---

Thomas Calhoun-Lopez, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Andrew S. Garvis, Esq., Koch & Garvis, Minneapolis, MN, on behalf of Defendant Derwin Idell Moore.

Shannon R. Elkins, Assistant Federal Defender, Office of the Federal Defender, Minneapolis, MN, on behalf of Defendant Kevin Kareem White.

---

      This matter is before the undersigned United States District Judge for a ruling on Defendant Derwin Idell Moore's ("Moore") Objection [Docket No. 73] and Defendant Kevin Kareem White's ("White") Objection [Docket No. 76] to Magistrate Judge Becky R. Thorson's April 29, 2020 Report and Recommendation [Docket No. 70] ("R&R"). In the R&R, Judge Thorson recommends denying Moore's Motion to Suppress Statements, Admissions and Answers [Docket No. 44] and Motion to Suppress Evidence Obtained as a Result of a Search and a Seizure [Docket No. 45], and also denying White's Motion to Suppress Statements, Admissions and Answers [Docket No. 35].

      In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn.

L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

Moore objects to the conclusion in the R&R that the traffic stop and search of his car was constitutionally appropriate.  After a de novo review, the Court agrees with the reasoning in the R&R and the conclusions that: 1) a traffic violation provided the officers with an objectively lawful basis for stopping the vehicle; 2) the stop was not impermissibly expanded while the officers completed routine tasks such as confirming whether Defendants were subject to outstanding warrants; and 3) probable cause supported the warrantless search of the car.

Moore's Objection includes arguments that were considered and properly rejected in the R&R.  Moore also argues that the facts used to substantiate the search were derived from the officers' self-serving perceptions.  The Court disagrees and finds that the following facts described in the R&R provided a reasonable inference that contraband would be found in Moore's car:

> [T]he officers relied on the following confluence of factors to support their warrantless search of Defendant Moore's vehicle.  First, the initial reason that Officers Schoen and Capecchi encountered Defendants in the early morning hours of August 11, 2019, was due to a 911 call concerning a vehicle engaged in possible narcotics trafficking at a Holiday gas station. When the officers responded, they found Defendant's vehicle, which matched the physical description given by the caller (a gray sedan) but not the make/model or license plate number. It was approximately 4:00 a.m., and there were no other gray sedans in the gas station parking lot. Once the officers stopped Defendants for the window-tint violation, Defendant Moore refused to roll his window—which was heavily tinted—all the way down, and at one point rolled it back up while Officer Capecchi was standing alongside the car.  Officer Capecchi testified that in his experience, this was unusual behavior and it led him to suspect Defendant Moore was trying to conceal something from his view.  Officer Capecchi also observed through the gap in the window while it was open that Defendant Moore was holding [a stack of] money in

> his hands. And finally, when Officer Capecchi searched Defendant White incident to his arrest on an unrelated warrant, he found a small bag of what Officer Capecchi believed to be marijuana on his person. Based on these factors, this Court finds that Officer Capecchi's suspicion that Defendants were engaged in drug trafficking was not unreasonable.

R&R at 11–12. Moore's Objection is overruled.

White objects to the R&R's conclusion that his statements to St. Paul Police Sergeant Tim Moore ("Sgt. Moore") are admissible. After a de novo review, the Court agrees with the R&R's conclusion that White's statements to Sgt. Moore are admissible because the statements were voluntary and spontaneous, and were not made in response to interrogation. White's Objection is overruled.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Derwin Idell Moore's Objection [Docket No. 73] to Magistrate Judge Becky R. Thorson's April 29, 2020 Report and Recommendation is **OVERRULED**;

2. Defendant Kevin Kareem White's Objection [Docket No. 76] to the Report and Recommendation is **OVERRULED**;

3. The Report and Recommendation [Docket No. 70] is **ADOPTED**;

4. Moore's Motion to Suppress Statements, Admissions and Answers [Docket No. 44] is **DENIED**;

5. Moore's Motion to Suppress Evidence Obtained as a Result of a Search and a Seizure [Docket No. 45] is **DENIED**; and

      6.      White's Motion to Suppress Statements, Admissions and Answers [Docket No. 35] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  June 11, 2020